THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAND RIDGE PLAZA II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REGAL CINEMAS, INC.,<br><br>Defendant. | CASE NO. C20-1829-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 23), Defendant's motion for summary judgment (Dkt. No. 25), and Defendant's motion to amend the scheduling order (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for summary judgment, DENIES in part Plaintiff's motion for partial summary judgment, and GRANTS Defendant's motion to amend the scheduling order for the reasons explained below.

I.     BACKGROUND

This case involves a breach of contract dispute over unpaid rent allegedly owed by Defendant Regal Cinemas, Inc., ("Regal") to Plaintiff Grand Ridge Plaza II, LLC, ("Grand Ridge") during the COVID-19 pandemic. (Dkt. Nos. 1 at 1, 25 at 4.) Grand Ridge is a shopping center in Issaquah, Washington. (*Id.*) Regal is a Grand Ridge tenant operating a movie theater on

the premises under a commercial lease between the parties. (*Id.*) Under the terms of the lease, Regal was obligated to pay Grand Plaza a set monthly rent based on square footage as well as a "percentage rent" of gross sales. (Dkt. No. 1 at 9.) Failure to pay amounts due within 10 days of receipt of a written notice of default constitutes an "event of default." (*Id.*)

Regal attests that it has paid all rent and charges under the terms of the lease through March 2020, "including full payment for the month of March 2020 in the amount of $137,850.03." (Dkt. No. 26 at 2.)

On March 16, 2020, in response to the COVID-19 pandemic, Washington Governor Jay Inslee ordered a statewide closure of social recreational establishments including movie theaters, until March 31, 2020. (*See* Dkt. Nos. 26 at 2, 26-2.) Regal sent Grand Ridge a notice relating to the closure. (Dkt. No. 26-3.) The Governor's Office repeatedly extended this shutdown through August 6, 2020.[1] On August 3, 2020, Governor Inslee announced that counties in "Phase 3" of the state's pandemic plan could begin reopening theaters at limited capacity; King County remained in "Phase 2" and thus could not yet reopen its theaters. (Dkt. No. 26 at 3.)

On or about October 13, 2020, counties in Phase 2 such as King County were allowed to reopen at 25% capacity. (*Id.* at 3–4.) But on November 15, 2020, movie theaters were again ordered closed for indoor service. (Dkt. Nos. 26 at 4, 26-9 at 5.) On February 1, 2021, Regal was again authorized by the state to reopen at 25% capacity. (Dkt. No. 26 at 4.) But according to Regal, it did not reopen at any time during this back-and-forth, through February 2021, due to a lack of new movie releases and available staff. (Dkt. No. 25 at 5–6.)

Grand Plaza sued Regal for breach of contract for failing to pay rent during the period of the shutdowns and until its reopen. (Dkt. No. 16 at 2.) Regal was under the impression that frustration of purpose, impracticability, and impossibility (collectively the "Frustration

---

[1] *See* Dkt. Nos. 26-4 (extending the shutdown until May 4, 2020), 26-5 (extending the shutdown until May 31, 2020), 26-6 (extending the shutdown until July 1, 2020), 26-7 (extending the shutdown until July 9, 2020), 26-8 (extending the shutdown until August 6, 2020).

Defenses") were not affirmative defenses it was required to plead in its answer, and thus it did not do so. (*Id.* at 4.) Regal's counsel asserts that they learned on a few weeks before the discovery cutoff that Grand Plaza believed Regal had waived its right to assert the Frustration Defenses as affirmative defenses. (*Id.* 2.) Regal asked Grand Plaza to stipulate to letting Regal amend its affirmative defenses to include the Frustration Defenses and offered to extend discovery for any additional discovery Grand Plaza required. (*Id.* at 5.) Grand Plaza declined, and Regal filed the present motion. (*Id.*).

## II.  DISCUSSION

Regal seeks leave to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(6) and corresponding leave to amend its answer and affirmative defenses under Federal Rule 15(a). (Dkt. No. 16 at 1.) It seeks to amend its answer to the complaint for the limited purpose of adding the Frustration Defenses. (*Id.*) It agrees to any modifications to the discovery cutoff necessary for Grand Plaza's discovery needs related to the amendment. (*Id.* at 3.)

The district court has discretion to grant leave to amend pleadings and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Regal asserts it filed this motion as a "cautionary measure," as the parties dispute whether such defenses constitute affirmative defenses under Federal Rule 8(c). (*Id.*)

Thus, the Court must determine whether the Frustration Defenses are affirmative defenses and, if so, whether Regal waived them by failing to raise them in its answer. The Court concludes that they are, but that Regal has not waived them.

Federal Rule of Civil Procedure 8(c) requires that "a party must affirmatively state any avoidance or affirmative defense" in response to a pleading. Fed. R. Civ. P. 8(c). The Frustration Defenses are not expressly set forth in Rule 8(c)(1) and the exact scope of this provision is not well settled. 2 Moore's Federal Practice - Civil § 8.08 (2021); Fed. R. Civ. P. 8(c)(1). However,

both Washington state and federal courts have recognized the doctrines as affirmative defenses. *See, e.g.*, *Felt v. McCarthy*, 922 P.2d 90, 92 (1996) (discussing the affirmative defense of frustration of purpose); *Harper & Assocs. v. Printers, Inc.*, 730 P.2d 733, 735 (Wash. 1986) (discussing "the affirmative defense of impracticability"); *Pub. Util. Dist. No. 1 of Lewis Cty. v. Washington Pub. Power Supply Sys.*, 705 P.2d 1195, 1204 (1985), modified, 713 P.2d 1109 (Wash. 1986) (discussing the "affirmative defense of impossibility of performance"); *see also* Restatement (Second) of Contracts § 265, 266 (Am. L. Inst. 1981) (referring to frustration of purpose, impossibility, and impracticably as affirmative defenses).

The purpose of Rule 8(c) is to give the plaintiff an opportunity to raise and try all factual issues related to the defense. 1 Kelly Kunsch, WASHINGTON PRACTICE: METHODS OF PRACTICE § 5.4 at 72 (1997) (discussing Wash. Super. Ct. Civ. R. 8(c)). Therefore, a party's failure to raise an affirmative defense in the appropriate pleading generally results in a waiver. But such affirmative defenses are not waived automatically and can even be first raised in pretrial dispositive motions if the plaintiff is not unfairly surprised or prejudiced. *See, e.g.*, *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

Here, Regal raised this issue as soon as it became aware it needed to do so. (*See* Dkt. No. 16 at 2–4.) That these defenses would be raised by Regal should come as no surprise to Grand Plaza. Regal's argument hinges on its obligation to pay rent being conditioned on its to use the leased property as intended. (*See* Dkt. No. 21 at 6.). Its other defenses—estoppel, latches, and waiver—are similar to the Frustration Defenses in both argument and locus of material facts. (*See* Dkt. No. 27 at 11–14.) Regal's previously asserted defenses justify its lack of payment during the shutdown period in generally the same manner as would its Frustration Defenses. (*See Id.*)

Accordingly, the Court FINDS that Grand Plaza would not be unfairly surprised or prejudiced by allowing Regal to raise these affirmative defenses, nor would Grand Plaza have been prejudiced had Regal laid out its Frustration Defense arguments in a pretrial dispositive motion. But it appears Regal awaited the Court's decision on its motion for leave to amend and

therefore did not lay out those arguments in its summary judgment motion (*See generally* Dkt. No. 25) nor did Grand Plaza address them with specificity (*See* Dkt. Nos. 23 and 29).

Consequentially, finding good cause, the Court GRANTS Regal's motion to amend the scheduling order (Dkt. No. 16). As the dispositive motions cannot be properly addressed without consideration of arguments regarding the Frustration Defenses, it further DENIES both parties' dispositive motions (Dkt. Nos. 23 and 25) without prejudice to refile incorporating any new arguments regarding those defenses as raised in Regal's amended answer.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 23) is DENIED without prejudice, Defendant's motion for summary judgment (Dkt. No. 25) is DENIED without prejudice, and Defendant's limited motion to amend the scheduling order (Dkt. No. 16) is GRANTED. Defendant is granted leave to file its amended answer to the complaint for the limited purpose of adding the Frustration Defenses. The current trial date, set for April 18, 2022, is CONTINUED to August 15, 2022. The proposed pretrial order is due by July 15, 2022. Voir dire, jury instructions, trial briefs, and any motions *in limine* are due by August 1, 2022. The parties are further ORDERED to confer and submit a joint status report regarding whether further discovery on the Frustration Defenses is necessary, as well as a new proposed discovery deadline, if any, and pretrial dispositive motions deadline, by March 28, 2022. The Court may adjust the trial date in light of the information contained in that report.

DATED this 1st day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE